**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

**CIVIL ACTION NO.: 2:26-cv-00272-BHH**

| | |
|---|---|
| Raymond E. Adams, Plaintiff, vs. Albert Jerzy Michalak. Defendant. | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR PROTECTIVE ORDER** |

Plaintiff seeks protection from defendant's inquiry into certain attorney-client privileged information. In support of their Motion for a Protective Order, Plaintiff states as follows:

## FACTUAL BACKGROUND

On July 27, 2026, counsel for Defendant took Plaintiff Raymond E. Adams's ("Plaintiff") deposition. During this deposition, counsel asked Plaintiff questions to the effect of the following: (1) "How did you get an appointment with Phoenix Orthopedics?"; and (2) How did you end up at Benchmark Physical Therapy?" Plaintiff's counsel objected and instructed Plaintiff not to answer on the grounds of attorney-client privilege pursuant to Rule 30(c)(2), FRCP. Plaintiff timely filed this motion for a protective order.

## LEGAL STANDARD

State law regarding privilege applies in cases involving diversity jurisdiction. Fed. R. Evid. 501. "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action […]." Rule 26(b)(1), SCRCP. In South Carolina, attorney-client privilege exists "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose

(4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived." *Tobaccoville USA, Inc. v. McMaster*, 387 S.C. 287, 293, 692 S.E.2d 526, 560 (2010). The privilege encompasses all "confidential communications of a professional nature between attorney and client" unless the client waives the privilege. *Drayton v. Indus. Life & Health Co.*, 205 S.C. 98, 98, 31 S.E.2d 148, 152 (1944); *see also Floyd v. Floyd*, 365 S.C. 56, 88, 615 S.E.2d 465, 482 (2005) (citing *Drayton*).

The Honorable Richard M. Gergel found that Defendant's question posed to Plaintiff in a deposition regarding how Plaintiff learned about a medical provider was designed to elicit information that is protected by attorney-client privilege. *Bell v. Manthiri*, No. 9:25-CV-4788-RMG, 2026 WL 710247 (D.S.C. Mar. 11, 2026). Other courts in this state have granted similar orders to the one in *Bell* (See Exhibits A and B).

"In general, the burden of establishing the privilege rests upon the party asserting it." *Wilson v. Preston*, 378 S.C. 348, 359, 662 S.E.2d 580, 585 (2008). "[I]f the initial burden is met, the party challenging the privilege must establish the communications are otherwise discoverable under an exception or waiver." *In re Mt. Hawley Ins. Co.*, 427 S.C. 159, 169, 829 S.E.2d 707, 713 (2019). Participation in litigation does not constitute a waiver of attorney-client privilege. *Id.* at 162 ("In this regard, a client does not waive the privilege simply by bringing or defending a lawsuit.").

In advising a client, an attorney may refer "not only to law but to other considerations such as moral, economic, social and political factors, that may be relevant to the client's situation." Rule 2.1, RPC, Rule 407, SCACR. This duty to provide more than "purely technical advice" is particularly important when advising clients "inexperienced in legal matters." *Id*. at

cmt. 3. "Where consultation with a professional in another field is itself something a competent lawyer would recommend, the lawyer should make such a recommendation." *Id*. at cmt. 4 (emphasis added).

## **ARGUMENT**

Here, all relevant communications between Plaintiff and his attorneys were made in confidence for the purpose of seeking legal advice in this case. The Rules of Professional Conduct clearly direct attorneys to offer more than purely technical advice and must discuss consultation with professionals in another field when appropriate. Such recommendations, then, are clearly privileged unless Defendant establishes a waiver or exception applies—which it cannot. As no waiver or exception applies, Plaintiff's objection was proper. This Court should grant Plaintiff's request for a protective order.

## **CONCLUSION**

The attorney-client privilege is the hallmark of the client-lawyer relationship. Plaintiff asks this Court to protect that privilege, because recommendations regarding consultations with health professionals are *prima facie* privileged and Defendant can establish no exceptions or waivers.

[*Signature Page Follows*]

Respectfully Submitted,

**MORGAN & MORGAN, P.A.**

By: */s/ J. Benjamin Myers*
J. BENJAMIN MYERS, ESQ.
SC Bar No.: 100190
Federal ID: 14279
4401 Belle Oaks Drive, Suite 300
North Charleston, SC, 29405
Telephone: (843) 619-4611
Fax: (854) 222-6501
ben.myers@forthepeople.com
*Attorney for the Plaintiff*

July 29, 2026
North Charleston, South Carolina