**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| PLAINTIFF<br><br>Raymond E. Adams,<br><br>-v-<br><br>DEFENDANT<br><br>Albert Jerzy Michalak. | Case No.: 2:26-cv-00272-BHH<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |

Plaintiff Raymond E. Adams, by and through his undersigned attorneys, replies to Defendant's Memorandum in Opposition to Plaintiff's Motion for Protective Order.

**LEGAL STANDARD**

"[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. Plaintiff has alleged only state-law claims in this diversity action arising under South Carolina law—thus, South Carolina's law regarding legal privilege applies.

Under South Carolina law, the attorney-client privilege is defined as follows: "Where legal advice of any kind is sought from a professional legal adviser in his capacity as such, the communications relating to that purpose made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal adviser, except the protection be waived." *Tobaccoville USA, Inc. v. McMaster*, 692 S.E.2d 526, 560 (2010). The privilege also protects all "confidential communications of a professional nature between attorney and client, unless the client, for whose benefit the rule is established, waives the privilege." *Floyd v. Floyd*,

615 S.E.2d 465, 482 (S.C. Ct. App. 2005). Once a party establishes the privilege exists, "the party challenging the privilege must establish the communications are otherwise discoverable under an exception or waiver." *In re Mt. Hawley Ins. Co.*, 829 S.E.2d 707, 713 (S.C. 2019).

## ARGUMENT

### I. Threshold issues of ripeness for review and identification of communications at issue.

Defendant argues simultaneously that the Plaintiff should not be punished for the lack of a transcript, but "the consequence remains, and it runs against Plaintiff". If the Court determines the factual record is insufficient, Plaintiff requests the motion be held in abeyance pending supplementation by the Parties. However, Defendant has stipulated the content of the questions presented to Plaintiff and Defendant has not identified an uncertain factual issue. Based upon this, the question before the Court may be seen as purely a matter of law. Thus, Plaintiff proceeds with arguing the merits.

Defendant asserts Plaintiff waived any possible privilege by failing to provide a privilege log. Fed. R. Civ. P. 26(b)(5)(A) states:

> "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: **(i)** expressly make the claim; and **(ii)** describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Plaintiff concedes that a privilege log is ordinarily appropriate when a party withholds documents, electronically stored information, or tangible things based on privilege. This motion, however, does not involve the withholding of documents or other "producible" materials. Rather, Plaintiff complied with Fed. R. Civ. P. 26(b)(5)(A) by expressly objecting during the deposition to questions that would reveal attorney-client communications and by promptly seeking a protective order from the Court.

Contrary to Defendant's assertion, there is no uncertainty regarding the subject of Plaintiff's privilege claim. The questions at issue are known, the basis for the objection is known, and the communications implicated by those questions are known. Plaintiff's counsel filed a motion regarding the topic subject to Fed. R. Civ. P. 11, thus asserting the communications sought do exist and are not hypothetical. As argued below, the communications identified are narrow, and further disclosure in identifying the communications would amount to requiring disclosure. "The court must determine the question of privilege without first requiring disclosure of the substance of the communication." *State v. Doster*, 284 S.E.2d 218, 220 (1981) (collecting cases). Defendant alternately professes ignorance as to the nature of the privileged communications when addressing the prima facie privilege case while simultaneously advancing detailed arguments about precisely what information the questions seek and why that information should be discoverable. Defendant cannot claim a lack of specificity on the one hand while demonstrating a clear understanding of the privilege issue on the other. The dispute before the Court is not whether Plaintiff adequately identified the communication at issue, but whether Defendant may compel testimony that would reveal attorney-client communications.

**II. Counsel's instruction not to answer was procedurally proper.**

Both Fed. R. Civ. P. 30(c)(2) and Local Civ. Rule 30.04(C) (D.S.C.) permit attorneys to instruct a deponent not to answer a question in the face of a privilege objection.

Defendant's reliance on Fed. R. Civ. P. 30(d), Local Civ. Rule 30.04(I) (D.S.C.), and Local Civ. Rule 7.02 (D.S.C.) is misplaced, as it reads into the rule a requirement which does not exist. Defendant asserts that rule required Plaintiff to demand that the deposition be suspended. There is no such requirement in the rule. Fed. R. Civ. P. 30(d)(3) states:

> "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that

> unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order."

Plaintiff did not move for a protective order on the basis that the deposition was being conducted in bad faith or in a manner that unreasonably annoyed, embarrassed, or oppressed Plaintiff. Local Civ. Rule 30.04(I) (D.S.C.). states:

> "**If an objecting party or deponent demands**, after good faith consultation pursuant to Local Civ. Rule 7.02 (D.S.C.), that the deposition be suspended pursuant to Fed. R. Civ. P. 30(d), the assigned judge's office shall be contacted to allow that judge to resolve the matter telephonically, if possible." (Emphasis added)

This provision of the local rule applies only if the objecting party or deponent demands the deposition be suspended. Here, Plaintiff made no such demand.

Defendant has not, and cannot, cite any provision requiring Plaintiff to suspend the whole deposition simply because Plaintiff lodged a privilege objection under Local Civ. Rule 30.04(C). The rule states:

> "Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege ***or*** a limitation on evidence directed by the court ***or*** unless that counsel intends to present a motion under Fed. R. Civ. P. 30(d)(1)."(Emphasis added).

As stated by the text of the rule, a privilege objection is separate from a demand to suspend the deposition under Fed. R. Civ. P. 30(d). *See also* Fed. R. Civ. P. 30(c)(2)("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).") Further evidence of this is found later on in the text of the rule, stating:

> "Counsel directing that a witness not answer a question on those grounds or allowing their clients to refuse to answer a question on those grounds shall move the court for a protective order under Fed. R. Civ. P. 26(c) ***or*** 30(d)(3) within seven (7) days of the suspension or termination of the deposition. Failure to timely file

> such a motion will constitute waiver of the objection, and the deposition may be reconvened." (Emphasis added).

The rule provides a clear procedure to resolve privilege objections separate from a demand to suspend the deposition under Fed. R. Civ. P. 30(d). This procedure is the procedure properly followed by Plaintiff. Of note, if Defendant wished to proceed in the manner suggested in Defendant's Memorandum, Defendant was equally able to demand a call to chambers. Defendant's interpretation is inconsistent with the plain text of the rule and was not raised during the deposition to be actionable by Plaintiff. Thus, the question of whether the privilege assertion was proper in substance is now before the Court.

**III. Counsel's instruction not to answer was substantively proper.**

Defendant asserts Plaintiff has failed to establish a prima facie case for the privilege. Plaintiff has established a prima facie claim of privilege. Legal advice was sought from licensed attorneys acting in their professional capacity. The communications at issue related to recommendations made while providing legal advice concerning this litigation. Those communications were made confidentially between attorney and client, and Defendant has identified no evidence of waiver, disclosure, or exception. Accordingly, the burden shifts to Defendant. Plaintiff argues that legal advice was sought and cites Rule 2.1, RPC, Rule 407, SCACR and its commentary for support that the advice sought falls under the lawyer's duty as an advisor. *See* Dkt. 10, Para. 2; Dkt. 10-1, P. 3-4. The "advisor" is a specifically sanctioned role and duty of an attorney in South Carolina. "Where consultation with a professional in another field is itself something a competent lawyer would recommend, the lawyer should make such a recommendation. At the same time, a lawyer's advice at its best often consists of recommending a course of action in the face of conflicting recommendations of experts." Rule 2.1, Comment 4,

RPC, Rule 407, SCACR. All counsel enrolled are members of the State Bar of South Carolina and the Bar of the District of South Carolina.

Defendant further asserts that the questions seek the revelation of facts rather than communications. This argument has also been rejected in this district. Where the answer to a deposition question "would necessarily reveal the content of [a party's] privileged communications with [his or] her attorneys," those questions seek privileged information, because the questions "effectively ask[], 'Did your attorney say X?'" *Wellin v. Wellin*, 211 F.Supp.3d 793, 809 (D.S.C. 2016), order clarified as to other issues, No. 2:13-CV1831-DCN, 2017 WL 3620061 (D.S.C. Aug. 23, 2017). *See* **Exhibit 1, Copy of *Wellin v. Wellin*,** Thus, if the answer to a deposition question such as "who told you about Doctor Smith" would be "my attorney," an assertion of the attorney-client privilege is proper, as the question effectively, though unintentionally, asks "Did your attorney tell you about Doctor Smith?" The source of the disagreement is clear: the communications Plaintiff wishes to prevent disclosure of are so narrow that the question can be boiled down to "Did your attorney say X?". Thus, as Defendant has made no showing of waiver or disclosure Plaintiff's motion for protective order should be granted.

## IV. Defendant's representations regarding Plaintiff's authority are unfounded.

Defendant argues that the Court should not consider *Bell v. Manthiri,* No. 9:25-CV-4788-RMG, 2026 WL 710247 (D.S.C. Mar. 11, 2026) because it was not properly provided under Local Civ. Rule 7.05(C)(2) (D.S.C.). Plaintiff disagrees with Defendant's characterization of the opinions as not readily available online. First, Plaintiff provided Defendant's counsel with a copy of the opinion via email. *See* **Exhibit 2, Email to Defense Counsel.** Second, Plaintiff provided a parallel citation to the order on PACER, which Defendant's counsel and the Court demonstrably have access to. Plaintiff has attached a copy of the order for the Court's review. *See* **Exhibit 3, Copy of**

***Bell v. Manthiri*.** Defendant also argues the Court should disregard all persuasive authority offered by Plaintiff. As both sides note, there is no appellate case law regarding the issues under discussion in this motion. As such, the Court is invited to look upon the materials provided in the light they are offered, as persuasive authority demonstrating what other trial courts have done in similar circumstances.

Defendant next spends several pages attacking *Worley v. Central Florida YMCA*, 228 So. 3d 18 (Fla. 2017). Plaintiff never cited Worley, never relied upon Worley, and never urged this Court to adopt Florida law. The issue before the Court is governed by South Carolina law and cases. Defendant's discussion of Worley is therefore directed at an argument Plaintiff never made and provides no basis to deny the requested protective order.[1] Further, *Worley* was abrogated by statute. Florida statutory law has no relevance or applicability to South Carolina's common law attorney-client privilege. Thus, the Court should disregard Defendant's strawman argument regarding *Worley.*

**V. Alternative relief suggested by Defendant should be denied.**

Defendant argues that if the Court grants the protective order request by Plaintiff, the Court should do so with several carve outs. The first request states that any order should:

> "protect the substance of any confidential communication between Plaintiff and his counsel made for the purpose of obtaining legal advice, while permitting inquiry into whether a referral to Phoenix Ortho or Benchmark Physical Therapy was made, by whom, and when;"

This request effectively retreads the issue of the objections and the motion in the first place. Presumably, any order of the Court granting the Plaintiff's motion would address this issue by

---

[1] Notably, this argument was put forth and rejected in two of the three motions for protective order cited as persuasive authority. As in this case, *Worley* was first cited by the defense in arguments. *E.g. Bell v. Manthiri*, No. 9:25-cv-4788-RMG, Dkt. 21, P. 4.

necessity, thus this request should be denied for the same reasons set out in Plaintiff's briefing of the issue at large. The second request states any order should:

> "expressly preserve Defendant's right to obtain the same information from Phoenix Ortho, Benchmark Physical Therapy, and their personnel by subpoena under Fed. R. Civ. P. 45 and by deposition — including inquiry into referral volume, letters of protection, billing and factoring arrangements, and any financial relationship between those providers and Plaintiff's counsel or counsel's firm;"

Plaintiff concedes if a communication Plaintiff seeks to protect was disclosed to any party outside of the attorney-client relationship, the privilege regarding that communication would be waived, and therefore discoverable under Fed. R. Civ. P. 26. Plaintiff will not speculate regarding the propriety of a future, unseen subpoena issued by Defendant, nor will Plaintiff offer or waive any objections which may be raised by third parties unrepresented by Plaintiff's counsel, as this issue is not before the Court. The third request states that any order should:

> "expressly preserve Defendant's right to cross-examine Plaintiff's Rule 26(a)(2) designees on bias, including any referral or financial relationship with Plaintiff's counsel, and to argue attorney-directed treatment at trial; and"

Similarly to the second request, the issue is not properly before the Court given the subject matter of the motion. Plaintiff filed a protective order regarding two questions asked at deposition. Defendant seeks advisory rulings regarding evidentiary matters not presently before the Court. The final request states that any order should:

> "permit Defendant to reconvene Plaintiff's deposition, at Plaintiff's expense, for the limited purpose of examining Plaintiff within the bounds the Court sets"

Like the first request, this request attempts to relitigate the issue before the Court. If the Court grants the Plaintiff's motion, there is no basis to reconvene the deposition under Local Civil Rule 30.04(C) (D.S.C.). If the Court denies Plaintiff's motion in part or in full, the Court has discretion to determine the appropriate remedy.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff asks this Court to order that discovery not be had into the existence or nature of any recommendations made by Plaintiff's counsel. Such communications are prima facie privileged, and there is no evidence of waiver or exception.

**MORGAN & MORGAN, P.A.**

*s/ Cooper Klaasmeyer*
J. BENJAMIN MYERS, ESQ.
Federal ID: 14279
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC, 29405
Telephone: (843) 973- 5438
cooper.klaasmeyer@forthepeople.com
**Attorneys for the Plaintiff**

August 17, 2026
Charleston, South Carolina