Exhibit

3

2026 WL 710247
Only the Westlaw citation is currently available.
United States District Court, D. South Carolina, Beaufort Division.

Sheila BELL and Joshua Bell, Plaintiffs,
v.
Santhan MANTHIRI, et al., Defendants.

Case No. 9:25-cv-4788-RMG
|
Signed March 11, 2026

**Attorneys and Law Firms**

Jonathan David Graham, Morgan and Morgan, North Charleston, SC, for Plaintiffs.

Dana Maurizio Klingener, Willson Jones Carter and Baxley, North Charleston, SC, for Defendants.

## ORDER

Richard Mark Gergel, United States District Judge

***1** This matter comes before the Court on Plaintiffs' motion for a protective order to prevent Defendants from questioning Plaintiff Sheila Bell (Ms. Bell) about how she learned about Zion Medical and Wellness One Chiropractic, the medical providers who treated her following an October 11, 2024, accident. (Dkt. No. 19). The following questions from Defendants' counsel were objected to by Plaintiffs' counsel at Ms. Bell's deposition:

1. How did you learn about Zion Medical?

2. Did you receive a recommendation to seek treatment from a pro--- medical provider to go to Zion Medical?

3. How did you learn about Wellness One Chiropractic? (Dkt. No. 21 at 1-2).

It is apparent from Defendants' response in opposition to the motion for protective order that Defendants were seeking to establish that Ms. Bell was referred to her medical providers by Plaintiffs' counsel. Defendants argue that the communications in question are not protected by the attorney client privilege. (*Id*. at 3). For reasons set forth below, the motion is granted in part and denied in part.

## Legal Standard

Under Rule 501 of the Federal Rules of Evidence, state law governing privileges controls in cases arising under a district court's diversity jurisdiction, such as this matter. It is well settled in South Carolina that the attorney client privilege "excludes from evidence confidential communications of a professional nature between attorney and client, unless the client, for whose benefit the rule is established waives the privilege." *Drayton v. Industrial Life & Health Ins. Co.*, 31 S.E.2d 148, 152 (S.C. 1944). The attorney client privilege has long been recognized to warrant special protection in order "to encourage full and frank communications between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn v. United States*, 449 U.S. 383, 389 (1981). There are exceptions to the attorney client privilege, such as where the client waives the privilege by disclosure to third parties or the communications fall within the

crime-fraud exception. If a party establishes that the attorney client privilege applies, "the privilege affords all communications between attorney and client absolute and complete protection from disclosure." *In re Allen*, 106 F.3d 582, 600 (4th Cir. 1997).

## Discussion

The record establishes that Defendants were seeking to elicit from Ms. Bell that her attorney referred her to her treating medical providers. Questions 1 and 3 above presumably would have required Ms. Bell to disclose communications between the client and her attorney (or Defendants certainly hoped those questions would produce that result). Communications between attorney and client made in the course of representation involving a legal matter are barred from disclosure by the attorney client privilege unless an exception to the privilege exists. There is nothing in the record to suggest waiver of the privilege or the applicability of the crime-fraud exception. Consequently, the Court grants Plaintiffs' motion for a protective order regarding Questions 1 and 3 above.

***2** Question Two is somewhat different. The question seeks to determine if Ms. Bell was referred to her treating medical providers by another medical provider. A patient can select a treating medical provider from a variety of possible sources, including word of mouth, advertising, social media, or a medical or non-medical provider referral. The Court finds that responding to Question 2 by a simple "yes" or "no" would establish whether Ms. Bell was referred to her treating medical providers by another medical provider without intruding on the attorney client privilege. No follow up questions, however, would be appropriate if they might in any way intrude on the attorney client privilege. Consequently, the Court denies the protective order as to Question 2. [1]

**AND IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2026 WL 710247

## Footnotes

1 Since Question 2 can be answered with a simple "yes" or "no," Defendants can present that single question to Ms. Bell by way of a written question under Federal Rule of Civil Procedure 31 rather than reopening her oral deposition.

End of Document © 2026 Thomson Reuters. No claim to original U.S. Government Works.